### SCHNAIER et al. v. SCHMIDT et al.

*(Supreme Court, General Term, First Department. March 13, 1891.)*

ACTIONS BETWEEN FIRMS—SAME PARTNER IN EACH FIRM—ELECTION.

In an action by one firm against another it appeared from the complaint that defendant S., who was a member of each of the firms, had refused to join with the other plaintiffs as a party, and on account of that refusal had been made a defendant. *Held* that, this practice being fully provided by Code Civil Proc. N. Y. § 448, the refusal of S. fully determined his relation to the controversy, and his right to become a plaintiff became lost, and could not afterwards be insisted on.

Appeal from special term, New York county.

This is an appeal by defendants in preceding action from an order refusing their motion for an order amending the judgment or *postea* at the end of the judgment by inserting the name of Konrad Schmidt as one of the plaintiffs. By section 448 of the Code it is provided: "Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants, except as otherwise expressly prescribed in this act; but, if the consent of any one who ought to be joined as a plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint."

Argued before VAN BRUNT, P. J., and DANIELS, J.

*J. George Flammer*, for appellants. *Abram Kling*, for respondents.

DANIELS, J. The motion seems to have been made upon the allegation contained in the plaintiffs' complaint that Schmidt was a member of the plaintiffs' firm. But assuming that to be the fact, still the defendants had no right, after the trial of the action and its determination, to require that Schmidt should be made a party plaintiff in the suit; for it appeared by the complaint that he had refused to be joined with the other plaintiffs as a party, and on account of that refusal had been made a defendant. This practice has been fully provided for by section 448 of the Code of Civil Procedure, and made the action as to parties entirely regular. That refusal fully determined his relation to the controversy, and the action afterwards regularly progressed to a trial and judgment with him only as a defendant. His right to become a plaintiff had been lost by his own conduct, and it could not afterwards be insisted upon as it was in support of this motion. The order was right, and it should be affirmed, with $10 costs, and also the disbursements.